Filed 07/02/26

VERMONT SUPERIOR COURT
Chittenden Unit
175 Main Street
Burlington VT 05401
802-863-3467
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 26-CV-02349

**Lena Morrigan v. Chittenden County Sheriff Daniel Gamelin in his Official Capacity**

## ENTRY REGARDING MOTION

Title:      Motion to Dismiss; Memorandum in Opposition to Defendant's Motion to Dismiss; Reply to Memo in Opposition  (Motion: 2)
Filer:      Alison L. T. Powers; Lena Morrigan; Alison L. T. Powers
Filed Date:      June 03, 2026; June 08, 2026; June 19, 2026

Plaintiff Lena "Lee" Morrigan brought this case against Defendant Sheriff Daniel Gamelin following Morrigan's unsuccessful public records request.  Gamelin has moved to dismiss (Mot. 2) for lack of jurisdiction under Rule 12(b)(1), citing Morrigan's failure to exhaust his administrative remedies.  Morrigan opposes, largely asserting futility in various forms.  Morrigan represents himself.  The Attorney General's Office represents Gamelin.

For the reasons set forth below, the court GRANTS Gamelin's motion to dismiss (Mot. 2).

## I.      Background

This section summarizes the allegations of the case most relevant and under the legal standards applicable to the pending motion.

Morrigan submitted a request to Gamelin on Mar. 23, 2026 for certain "public records" under 1 V.S.A. § 317(b).  On Mar. 25, 2026, Gamelin personally acknowledged Morrigan's request and invoked a 10-business day extension of time under 1 VSA § 318(a)(5).  Gamelin's office produced some documents to Morrigan on Mar. 27, 2026, "requesting, pursuant to 1 V.S.A. § 318(d), that [they] clarify [their] request in light of this disclosure if [they] seek additional documentation."  Compl. Ex. 3.

That same day, Morrigan replied, "Please produce all remaining documents responsive to my original request and confirm whether any responsive records are being withheld, including the specific statutory basis for any withholding pursuant to 1 V.S.A. § 318(a)(2)."  Id. Ex. 4.

Gamelin never produced all the requested documents.  Nor did he certify an applicable statutory exemption under 1 V.S.A. § 318(b)(2).  Compl. ¶¶ 5, 8, 9-12, 15.

On Mar. 31, 2026, Gamelin's office manager wrote to Morrigan.  She explained that, after consulting with legal counsel and the external audit firm who possessed the records Morrigan sought, "it has been determined any further documentation would result in several thousands of

dollars in fees implemented by the auditing company to provide to us the information you requested."  She reiterated her Mar. 27, 2026 ask, "I am requesting, pursuant to 1 V.S.A. § 318(d), that you clarify your request in light of this disclosure if you seek additional documentation."  She concluded, "You should be aware that you are entitled to appeal this decision by application to the Civil Division of the Vermont Superior Court."  Compl. Ex. 5.

Morrigan did not respond to the Mar. 31, 2026 letter from Gamelin's office.  Contrast 1 V.S.A. § 318(c)(1) ("Any denial of access by the custodian of a public record may be appealed to the head of the agency.").

Morrigan filed the complaint in this case on Apr. 17, 2026.   By that time, Gamelin had denied Morrigan's request.  See 1 V.S.A. § 318(a)(2) ("A custodian or head of the agency who fails to comply with the applicable time limit provisions of this section shall be deemed to have denied the request or the appeal upon the expiration of the time limit."); *id.* § 318(a)(5) (providing maximum response time of ten business days from Mar. 23, 2026 or Apr. 6, 2026).

## II.     Discussion

On a Rule 12(b)(1) motion, the court accepts plaintiffs' allegations as true, including all reasonable inferences, denying dismissal "unless it appears beyond doubt that there exist no facts or circumstances that would entitle the [non-movant] to relief." *Housing Our Seniors in VT Inc. v. Agency of Commerce & Comm. Dev.*, 2024 VT 12, ¶ 11, 21 Vt. 80, 85 (internal quotation and other citations omitted).

> This Court has consistently held that when administrative remedies are established by statute or regulation, a party must pursue, or "exhaust," all such remedies before turning to the courts for relief.  This long-settled rule of judicial administration serves the dual purposes of protecting the authority of the administrative agency and promoting judicial efficiency.  Therefore, where an agency has jurisdiction to decide an issue, a court will not interfere with the agency's decision-making unless and until all administrative remedies have been invoked, except where the party qualifies for an exemption.

*Jordan v. State Agency of Transp.*, 166 Vt. 509, 511–12 (1997) (citations omitted).

The futility doctrine may provide one such exemption.

> The term "exhaustion" is used to describe both the judge-made common-law doctrine and a statutory direction that judicial review is available only if specified administrative procedures are first employed.  Where the Legislature specifically mandates, exhaustion is required.  Where the Legislature "has not clearly required exhaustion, sound judicial discretion governs."  The futility doctrine has been adopted as part of that discretion to dispense with unnecessary exhaustion of administrative remedies. It has no place, however, in the face of a clear legislative command that exhaustion is required.

2

*Stone v. Errecart,* 165 Vt. 1, 4 (1996) (citations omitted). See also *In re Hopkins Certificate of Compliance*, 2020 VT 47, ¶ 14, 212 Vt. 368 (quoting *Stone*).

This court must decide whether the legislature has required exhaustion in the Public Records Act.

> In construing a statute, our primary objective is to "effectuate the Legislature's intent." "The first step in doing so is to examine the plain language of the statute." Where statutory language is undefined, we may resort to dictionary definitions to give terms their plain and ordinary meaning. Moreover, "[a]ll relevant parts of the applicable statutory scheme are to be construed together to create, if possible, a harmonious whole."

*Davila v. Deml*, 2025 VT 39, ¶ 24 (citations omitted).

The relevant portions of the Public Records Act provide that "[a] ny denial of access by the custodian of a public record may be appealed to the head of the agency." 1 V.S.A. § 318(c)(1). The agency head may uphold or reverse the denial. *Id.* § 318(c)(2), (3). Thereafter, "[a]ny person aggrieved by the denial of a request for public records under this subchapter may apply to the Civil Division of the Superior Court . . . ." *Id.* § 319(a).

The court finds no ambiguity regarding these provisions. They outline the necessary steps required before an "aggrieved party" like Morrigan may seek relief in this court. Because the legislature has required administrative exhaustion under the Public Records Act, this court lacks discretion to consider the futility exception. *Stone,* 165 Vt. at 4. See also *In re Hopkins Certificate of Compliance*, 2020 VT 47, ¶¶ 8-14 (finding different "broad and unmistakable language" bv the legislature requiring exhaustion foreclosing judicial discretion).

Even if this court had the discretion to consider the futility exception, it would not apply it. This court found no Vermont case whose circumstances supported it.

"Generally, the futility exception is narrow and applies to situations in which exhaustion would have been clearly useless." *Carter v. Pallito*, No. 177-3-14 WNCV, 2015 WL 5176807, at *2 (Vt.Super. Jan. 05, 2015) (Teachout, J.). Its limited application comes from the underlying rationale for administrative exhaustion: "those purposes include protecting the authority of administrative agencies, limiting interference in agency affairs, developing the factual record to make judicial review more efficient, and resolving issues to render judicial review unnecessary." *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003), *as amended* (July 24, 2003) (citations omitted). That an "argument would likely have failed is not tantamount to stating that it would have been futile to raise it" especially if "indeed, many of the purposes for requiring exhaustion would have been served had [plaintiff] raised his claim below." *Id.* (noting "failure to raise his . . . claim in the administrative proceedings left sizeable gaps in the factual record presented . . . on appeal").

The Vermont Supreme Court has issued more expansive decisions that illustrate its reluctance to excuse administrative exhaustion. For instance, in *Allen v. Univ. of Vermont*, 185

Vt. 518, 530-31, 2009 VT 13, ¶¶ 25-27, a rape victim sued her former university for failing to treat her rape report as a harassment claim subject to statutory reporting and investigative requirements. The victim withdrew from the school without ever having asserted it should have treated her rape report under its anti-harassment protocols. *Id.* ¶ 5. She sued instead. *Id.* ¶ 6.

Defendant UVM asserted plaintiff failed to exhaust her administrative remedies. Plaintiff defended with futility. She pointed to UVM's associate general counsel asserting that UVM had done all the law required. She pointed also to UVM's litigation counsel asserting that rape did not constitute harassment. Neither persuaded the Court. "If the futility exception applied every time a plaintiff complained of an incident that was clearly a crime, but not perceived as also amounting to harassment—with no opportunity for the respondent to answer a specific claim of harassment—it could effectively swallow the exhaustion requirement." *Id.* ¶ 26. "UVM is entitled to have its designated employees answer an express harassment claim before its opportunity to examine and correct its position is foreclosed." *Id.* ¶ 27. "That did not occur here, and thus plaintiff fails to demonstrate that the futility exception to the exhaustion requirement applies." *Id.*

In *In re Hopkins Certificate of Compliance*, 2020 VT 47, plaintiff appealed a (second) temporary certificate of compliance issued by a zoning board. With plaintiff's appeal pending, the zoning board issued a final certificate. Plaintiff asked the Superior Court (Environmental Division) to determine the final certificate void. The court dismissed the action for lack of jurisdiction as an impermissible collateral attack on the unappealed final certificate issued by the zoning board. *Id.* ¶¶ 2-6.

The state supreme court affirmed. First, it reiterated its view that the Vermont Planning and Development Act's "broad and unmistakable language" required administrative exhaustion and prohibited collateral attack. That act provided that "the exclusive remedy of an interested person with respect to any decision" 'shall be the appeal to the appropriate panel." *Id.* ¶ 8. The court found "no merit" in plaintiff's assertion of futility given the outcome of the second temporary certificate. *Id.* ¶ 13. See Opp. at 5 ("Defendant's exhaustion argument is further undermined by the fact that Sheriff Daniel Gamelin, the head of the agency and the named Defendant in this action, was already personally involved in the handling of Plaintiff's request.").

Given the statutory language, the court had "no authority to exempt" plaintiff from the statutory requirements for exhaustion. *Id.* ¶ 14. See also *Faham v. Vermont Dep't of Corr.*, No. 2012-326, 2013 WL 2631192, at *2 (Vt. May 8, 2013) (unpub. mem.) ("relying on the allegation in his petition that prison staff told him the heat was set 'where it is because of costs' and there was nothing they could do about it, and the further allegation in his motion for relief from judgment that the heating problem had existed for several years" "fall[s] well short of the standard of futility necessary to allow a party to forego the administrative process").

Nor may Morrigan rely on the final letter from Gamelin's office to excuse exhaustion. See Opp. at 5 (noting Mar. 31, 2026 letter from Gamelin's office manager stated in part "you are entitled to appeal this decision by application to the Civil Division of the Vermont Superior Court"). Compare Opp. at 5 ("The Sheriff's Office did not advise Plaintiff that an internal administrative appeal remained available.") with *Allen*, 2009 VT 33, ¶¶ 28-29 (rejecting "both as

an appeal to fairness and as an invitation to rewrite the statute" that plaintiff "should not have to exhaust her administrative remedies as required by statute because [defendant] did not inform her plainly enough"). Morrigan would have suffered no prejudice from doing so. *Allen*, 2009 VT 33, ¶ 29. Cf. *In re Hopkins Certificate of Compliance*, 2020 VT 47, ¶ 13 (distinguishing *Petition of Fairchild*, 159 Vt. 125, 131 (1992) ("Mandamus is proper when an official refuses to perform a duty required by law.")).

This court finds *Allen* and *Hopkins Certificate* persuasive here, even though those cases involved different statutes. The Court concluded in both cases that the language evidenced the necessary legislative intent to require administrative exhaustion. The Court declined in both cases to excuse exhaustion for futility or other reasons. Those decisions demonstrate to this court why Morrigan may likewise not avoid exhaustion in this case.

## III.     Order

For the reasons set forth above, this court GRANTS Gamelin's motion to dismiss (Mot. 2).

Electronically signed pursuant to V.R.E.F. 9(d) on July 2, 2026.

Colin Owyang
Superior Court Judge